The opinion of the court was delivered by
Manning, O. J.
The defendant was convicted of forgery, and sen•'tenced to imprisonment at hard labour for two years. She assigns for error, that the minutes of the court shew that the case was set for trial Dec. 15,1877, and do not shew that the accused was present in the court room at that time — that the minutes shew the ease was on that day continued without her being present — that the minutes shew a motion for a new trial was made May 2,1878, and do not shew her presence then — ■ that the minutes shew the motion for a new trial was overruled May 13 •and do not shew that she was present. This assignment states that it is *1156 based on. Christian’s ease, 30 Annual, 367, the syllabus of which is, that-when the record of a criminal cause fails to shew that the accused was-present at any time from the moment of his arraignment to his sentence,, the judgment and verdict will be annulled.
Let us see if the record of this cause, fails to shew the presence-of the accused, and when. The minutes of May 21,1877 shew that the-accused was brought into court, was arraigned, and pleaded not guilty.. The minutes of May 1,1878 shew that she was brought into court, the jury impanelled, the case tried, and verdict rendered. The minutes of May 13 shew that she was present when the new trial was moved, and the arrest of judgment prayed. “Now comes the defendant in open court &c” is the opening sentence of the motion in arrest. The minutes-of May 17 shew she was in court when that motion was tried and overruled, and she was sentenced, and her appeal was taken. The record, instead of failing to shew that the accused was present at any time between arraignment and sentence, shews affirmatively that she was in court at every stage of the trial when her presence was needful. In the old English cases, which were very strictly followed in the early jurisprudence of America, it was rigorously held that the prisoner must be personally present in court whenever any step was taken in his cause, if the prosecution was for a felony. The early American courts, in adhering blindly and tenaciously to this rule, lost sight of the reason upon-which it was founded.
Formerly, a person accused of crime in England was not permitted to have counsel. The barbarous instincts of that people had disappeared under the humanizing influences of a later civilization long before this cruel prohibition was expunged. Practically it had been ignored. At first, the English judges modified the rigour of the rule by watching over the safety of the prisoner themselves, and later, they disregarded the prohibition and allowed counsel, but the Parliament waited until long after the present century had begun, and until the American courts had swung round to the opposite idea, and assigned counsel to prisoners-when they had none, before the prohibition was formally removed. As no counsel was allowed in that country in those days to represent a prisoner, and protect him, and he could only defend himself, the courts then held that he must be in court whenever any step was taken in his cause, however insignificant or unimportant. It is still universally required that he must be present when the verdict in a case of felony is received. State vs. Ford, 30 Annual, 311.
There were t-wo bills of exception taken, the first to the alleged omission of the judge to reduce his charge to writing when requested by the-prisoner’s counsel. The judge did write his charge, but it appears after delivering it, he added some oral observations, to which no objection was- *1157 made at the time. It is not objected now that the additional oral observations contained any error. The judge complied with the demand, and if there were any objection to his saying any thing to the jury beyond what he had written, it should have been made then.
The second bill is to the reception of the testimony touching the uttering or publishing the forged order, because it was not responsive to the charge. Forgery is quite distinct from the offence of uttering a forged paper, and while the latter is necessarily an act publicly done, the former is secretly performed. The proof of the latter is .rarely to be obtained except circumstantially. The testimony admitted on this trial was as to ifche possession by the accused of the forged order on the day of its date, and its presentation to pay an account for goods which she had bought, and which she was told she could not take away without, such an order as was subsequently forged and presented. The proof was a link in the ■chain of evidence necessary to establish the commission of the crime charged, and was admissible on that ground.
The prisoner also moved in arrest of judgment, that there is no law in this State against forging an order for merchandise. The reading of Rev. Stats, sec. 838 will dispel that delusion.
The judgment of the lower court is affirmed.